JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION<br><br> Plaintiff,<br><br> v.<br><br>MORTGAGE RELIEF ADVOCATES, LLC, *et al.*<br><br>Defendants. | Case No. CV14-5434MWF-AGRx<br><br>**FINAL JUDGMENT AS TO DEFENDANTS MORTGAGE RELIEF ADVOCATES, LLC, NATIONAL FORENSIC LOAN AUDIT SERVICERS, LLC, EVERTREE, LLC, KEY STONE REAL ESTATE, LLC, PABLO RODRIGUEZ, AND MICHAEL RODRIGUEZ** |

Plaintiff Federal Trade Commission ("FTC" or "Commission") commenced this civil action on  July 14, 2014, pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57(b) and the Dodd-Frank Wall Street Reform and Consumer Protection Act, Public Law 111-203, Section 1097, 124 Stat. 1376, 2102-03 (July 21, 2010) ("Dodd-Frank Act"), 12 U.S.C. § 5538, to obtain preliminary and permanent injunctive and other equitable relief for Defendants' violations of Section 5 of the FTC Act and the Mortgage Assistance Services Rule, 12 C.F.R. Part 1015, in connection with the marketing and sale of mortgage assistance relief services ("MARS").  On August 22, 2014, after a hearing on the Commission's request for an order to show cause why a preliminary injunction should not be entered against Defendants, the Court entered an Order for Preliminary Injunction ("PI Order") in this case enjoining Defendants from, among other things, making misrepresentations related to MARS, collecting advance fees from consumers, and failing to make required disclosures.

On March 27, 2015, pursuant to Federal Rule of Civil Procedure, Rule 56, the FTC moved for summary judgment on all counts of the Complaint for Equitable and Other Relief ("Complaint") against all of the Defendants Mortgage Relief Advocates, LLC ("MRA"), National Forensic Loan Audit Servicers, LLC ("NFLAS"), Evertree, LLC ("Evertree"), Key Stone Real Estate ("Key Stone"),

Pablo Rodriguez, and Michael Rodriguez (collectively hereinafter referred to as the "Defendants").

The Court, having considered the arguments, memoranda, and exhibits in support of the FTC's Motion for Summary Judgment, and all other pleadings and files in this action, granted the FTC's Motion on July 1, 2015.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED** as follows:

### DEFINITIONS

For the purposes of this Judgment, the following definitions shall apply:

A.   **"Assisting others"** includes:

1.   performing customer service functions, including receiving or responding to consumer complaints;

2.   formulating or providing, or arranging for the formulation or provision of, any advertising or marketing material, including any telephone sales script, direct mail solicitation, or the design, text, or use of images of any Internet website, email, or other electronic communication;

3.   formulating or providing, or arranging for the formulation or provision of, any marketing support material or service, including web or Internet Protocol addresses or domain name registration for any

Internet websites, affiliate marketing services, or media placement services;

4.      providing names of, or assisting in the generation of, potential customers;

5.      performing marketing, billing, or payment services of any kind; or

6.      acting or serving as an owner, officer, director, manager, or principal of any entity.

B.      **"Defendants"** means all of the Individual Defendants and the Corporate Defendants, individually, collectively, or in any combination.

C.      **"Corporate Defendants"** means Mortgage Relief Advocates, LLC (d/b/a The MRA Group); National Forensic Loan Audit Servicers, LLC; Evertree, LLC; Key Stone Real Estate, LLC; and their successors and assigns.

D.      **"Financial product or service"** means any product, service, plan, or program represented, expressly or by implication, to:

1.      provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, a loan or other extension of credit;

2.      provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, credit, debit, or stored value cards;

3.      improve, repair, or arrange to improve or repair, any consumer's credit record, credit history, or credit rating; or

4.     provide advice or assistance to improve any consumer's credit record, credit history, or credit rating.

E.    **"Individual Defendants"** means Pablo Rodriguez and Michael Rodriguez.

F.    **"Person"** means any individual, group, unincorporated association, limited or general partnership, corporation or other business entity.

G.    **"Secured or unsecured debt relief product or service"** means:

1.     with respect to any mortgage, loan, debt, or obligation between a person and one or more secured or unsecured creditors or debt collectors, any product, service, plan, or program represented, expressly or by implication, to:

a.     stop, prevent, or postpone any mortgage or deed of foreclosure sale for a person's dwelling, any other sale of collateral, any repossession of a person's dwelling or other collateral, or otherwise save a person's dwelling or other collateral from foreclosure or repossession;

b.     negotiate, obtain, or arrange a modification, or renegotiate, settle, or in any way alter any terms of the mortgage, loan, debt, or obligation, including a reduction in the amount of interest, principal balance, monthly payments, or fees owed by a person to a secured or unsecured creditor or debt collector;

c.    obtain any forbearance or modification in the timing of

payments from any secured or unsecured holder or servicer of

any mortgage, loan, debt, or obligation;

d.    negotiate, obtain, or arrange any extension of the period of time

within which a person may (i) cure his or her default on the

mortgage, loan, debt, or obligation, (ii) reinstate his or her

mortgage, loan, debt, or obligation, (iii) redeem a dwelling or

other collateral, or (iv) exercise any right to reinstate the

mortgage, loan, debt, or obligation or redeem a dwelling or

other collateral;

e.    obtain any waiver of an acceleration clause or balloon payment

contained in any promissory note or contract secured by any

dwelling or other collateral; or

f.     negotiate, obtain, or arrange (a) a short sale of a dwelling or

other collateral, (b) a deed-in-lieu of foreclosure, or (c) any

other disposition of a mortgage, loan, debt, or obligation other

than a sale to a third party that is not the secured or unsecured

loan holder.

The foregoing shall include any manner of claimed assistance, including auditing or examining a person's application for the mortgage, loan, debt, or obligation.

2.     with respect to any loan, debt, or obligation between a person and one or more unsecured creditors or debt collectors, any product, service, plan, or program represented, expressly or by implication, to:

a.     repay one or more unsecured loans, debts, or obligations; or;

b.     combine unsecured loans, debts, or obligations into one or more new loans, debts, or obligations.

## JUDGMENT

## BAN ON SECURED AND UNSECURED DEBT RELIEF PRODUCTS AND SERVICES

I.     **IT IS ORDERED** that Defendants are permanently restrained and enjoined from:

A.     advertising, marketing, promoting, offering for sale, or selling any secured or unsecured debt relief product or service; and

B.     assisting others engaged in advertising, marketing, promoting, offering for sale, or selling any secured or unsecured debt relief product or service.

## PROHIBITION AGAINST MISREPRESENTATIONS RELATING TO FINANCIAL PRODUCTS AND SERVICES

**II.**    **IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons or entities in active concert or participation with any of them, who receive actual notice of this Judgment, whether acting directly or indirectly in connection with advertising, marketing, promoting, offering for sale, or selling any financial product or service, are hereby permanently restrained and enjoined from misrepresenting or assisting others in misrepresenting, expressly or by implication, any material fact, including:

A.    the terms or rates that are available for any loan or other extension of credit, including:

1.    closing costs or other fees;

2.    the payment schedule, monthly payment amount(s), any balloon payment, or other payment terms;

3.    the interest rate(s), annual percentage rate(s), or finance charge(s), and whether they are fixed or adjustable;

4.    the loan amount, credit amount, draw amount, or outstanding balance; the loan term, draw period, or maturity; or any other term of credit;

5.    the amount of cash to be disbursed to the borrower out of the proceeds, or the amount of cash to be disbursed on behalf of the borrower to any third parties;

6.      whether any specified minimum payment amount covers both interest and principal, and whether the credit has or can result in negative amortization; or

7.      that the credit does not have a prepayment penalty or whether subsequent refinancing may trigger a prepayment penalty and/or other fees.

B.      the savings associated with the loan or other extension of credit;

C.      the ability to improve or otherwise affect a consumer's credit record, credit history, credit rating, or ability to obtain credit, including that a consumer's credit record, credit history, credit rating, or ability to obtain credit can be improved by permanently removing current, accurate negative information from the consumer's credit record or history; or

D.      that a consumer will receive legal representation.

## PROHIBITION AGAINST MISREPRESENTATIONS RELATING TO ANY PRODUCTS OR SERVICES

**III.**    **IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Judgment, whether acting directly or indirectly, in connection with advertising, marketing, promoting, offering for sale, or selling any product or service are hereby permanently

restrained and enjoined from misrepresenting or assisting others in misrepresenting, expressly or by implication, any material fact, including:

A.      any material aspect of the nature or terms of any refund, cancellation, exchange, or repurchase policy, including the likelihood of a consumer obtaining a full or partial refund, or the circumstances in which a full or partial refund will be granted to the consumer;

B.      that any person is affiliated with, endorsed or approved by, or otherwise connected to any other person; government entity; public, non-profit, or other non-commercial program; or any other program;

C.      the nature, expertise, position, or job title of any person who provides any product or service;

D.      that any person providing a testimonial has purchased, received, or used the product or service;

E.      that the experience represented in a testimonial of the product or service represents the person's actual experience resulting from the use of the product or service under the circumstances depicted in the advertisement;

F.      the total costs to purchase, receive, or use, or the quantity of, the product or service;

G.      any material restriction, limitation, or condition on purchasing, receiving, or using the product or service; or

H.   any other fact material to consumers concerning any product or service, including any material aspect of the performance, efficacy, nature, or characteristics of the product or service.

**MONETARY JUDGMENT**

**IV.   IT IS FURTHER ORDERED** that:

A.   Judgment in the amount of ONE MILLION EIGHT HUNDRED THOUSAND THIRTY-FOUR THOUSAND SEVEN HUNDRED FORTY-FOUR DOLLARS AND FIFTY-NINE CENTS ($1,834,744.59) is entered in favor of the Commission against Individual Defendants and Corporate Defendants, jointly and severally, as equitable monetary relief.

B.   Defendants are ordered to pay to the Commission ONE MILLION EIGHT HUNDRED THOUSAND THIRTY-FOUR THOUSAND SEVEN HUNDRED FORTY-FOUR DOLLARS AND FIFTY-NINE CENTS ($1,834,744.59).  Such payment must be made within 14 days of entry of this Judgment by electronic fund transfer in accordance with instructions provided by a representative of the Commission.

**ADDITIONAL MONETARY PROVISIONS**

**IT IS FURTHER ORDERED** that:

A.   Defendants relinquish dominion and all legal and equitable right, title,

and interest in all assets transferred pursuant to this Judgment and may not seek the return of any assets.

B.  Defendants acknowledge that their Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), may be used for collecting and reporting on any delinquent amount arising out of this Judgment, in accordance with 31 U.S.C. § 7701.

C.  All money paid to the Commission pursuant to this Judgment may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund.  If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint.  Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement.  Defendants have no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

## CUSTOMER INFORMATION

**VI.   IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Judgment, whether acting directly or indirectly, in connection with advertising, marketing, promoting, offering for sale, or selling any financial product or service, are hereby permanently restrained and enjoined from:

A.   failing to provide sufficient customer information to enable the Commission to efficiently administer consumer redress.  Defendants represent that they have provided this redress information to the Commission.  If a representative of the Commission requests in writing any information related to redress, Defendants must provide it, in the form prescribed by the Commission, within 14 days.

B.   disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that any Defendant obtained prior to entry of this Judgment; and

C.    failing to destroy such customer information in all forms in their possession,

custody, or control within 30 days after receipt of written direction to do so

from a representative of the Commission.

Provided, however, that customer information need not be disposed of, and may be

disclosed, to the extent requested by a government agency or required by law,

regulation, or court order.

## JUDGMENT ACKNOWLEDGMENTS

**VII.   IT IS FURTHER ORDERED** that Defendants obtain acknowledgments of

receipt of this Judgment:

A.    Each Defendant, within 7 days of entry of this , must submit to the

Commission an acknowledgment of receipt of this Judgment sworn under penalty

of perjury.

B.    For 10 years after entry of this Judgment, each Individual Defendant for any

business that such Defendant, individually or collectively with any other

Defendants, is the majority owner or controls directly or indirectly, and each

Corporate Defendant, must deliver a copy of this Judgment to: (1) all

principals, officers, directors, and LLC managers and members; (2) all

employees, agents, and representatives who participate in connection with

the advertising, marketing, promoting, offering for sale, or selling any

financial product or service;  and  (3) any business entity resulting from any

change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Judgment for current personnel.  For all others, delivery must occur before they assume their responsibilities.

C.      From each individual or entity to which a Defendant delivered a copy of this Judgment, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Judgment.

## COMPLIANCE REPORTING

**VIII. IT IS FURTHER ORDERED** that Defendants make timely submissions to the Commission:

A.      One year after entry of this Judgment, each Defendant must submit a compliance report, sworn under penalty of perjury:

1.      Each Defendant must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission and may use to communicate with Defendant; (b) identify all of that  Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other

Defendant (which Individual Defendants must describe if they know or should know due to their own involvement); (d) describe in detail whether and how that Defendant is in compliance with each Section of this Judgment; and (e) provide a list of all domain names held or registered by any Defendant; and (f) provide a copy of each Judgment Acknowledgment obtained pursuant to this Judgment, unless previously submitted to the Commission.

2.     Additionally, each Individual Defendant must: (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which such Individual Defendant performs services whether as an employee or otherwise and any entity in which such Individual Defendant has any ownership interest; and (c) describe in detail such Individual Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B.     For 10 years after entry of this Judgment, each Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1.   Each Defendant must report any change in: (a) any designated point of contact; or (b) the structure of any Corporate Defendant or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Judgment, including:  creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Judgment.

2.   Additionally, each Individual Defendant must report any change in: (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which such Individual Defendant performs services whether as an employee or otherwise and any entity in which such Individual Defendant has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C.   Each Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within 14 days of its filing.

D.   Any submission to the Commission required by this Judgment to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding:  "I declare under penalty of perjury

under the laws of the United States of America that the foregoing is true and correct.  Executed on:  _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.   Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Judgment must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to:  Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580.  The subject line must begin:  FTC v. Mortgage Relief Advocates, LLC, et al., Case No. 2:14-cv-05434-MWF-AGRx, X140046.

## RECORDKEEPING

IX.   **IT IS FURTHER ORDERED** that Defendants must create certain records for 10 years after entry of the Judgment, and retain each such record for 5 years. Specifically, Corporate Defendant and each Individual Defendant for any business that such Defendant, individually or collectively with any other Defendants, is a majority owner or controls directly or indirectly, must create and retain the following records:

A.   accounting records showing the revenues from all goods or services sold;

B.  personnel records showing, for each person providing services, whether as an employee or otherwise, that person's:  name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C.  records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D.  all records necessary to demonstrate full compliance with each provision of this Judgment, including all submissions to the Commission; and

E.  a copy of each unique advertisement or other marketing material.

## COMPLIANCE MONITORING

**X.  IT IS FURTHER ORDERED** that, for the purpose of monitoring Defendants' compliance with this Judgment:

A.  Within 14 days of receipt of a written request from a representative of the Commission each Defendant must submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying.  The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.    For matters concerning this Judgment, the Commission is authorized to communicate directly with each Defendant.  Defendant must permit representatives of the Commission to interview any employee or other person affiliated with any Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C.    The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice.  Nothing in this Judgment limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D.    Upon written request from a representative of the Commission, any consumer reporting agency must furnish consumer reports concerning Individual Defendants, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1).

**ENTRY OF JUDGMENT**

**XI.**   **IT IS FURTHER ORDERED** that there is no just reason for delay of entry of this judgment, and that, pursuant to Federal Rule of Civil Procedure 54(b), the Clerk immediately shall enter this Judgment as a final judgment as to all Defendants.

## RETENTION OF JURISDICTION

**XII.   IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for

purposes of construction, modification, and enforcement of this Judgment.

SO ORDERED this 23RD day of July, 2015 :

_____

MICHAEL W. FITZGERALD
United States District Judge